UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CARL MOORE, | ) | |
|---|---|---|
| | ) | Case No. 1:12-cr-7 / 1:16-cv-322 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM OPINION**

Before the Court is the United States' motion to deny and dismiss Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 128.) Petitioner submitted the relevant § 2255 petition on July 29, 2016. (Doc. 122.)[1] In it, he challenges his enhancement under Section 2K2.1 of the United States Sentencing Guidelines based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague. (*Id.* (suggesting that his sentence is no longer valid because the residual clause in Section 4B1.2 is equally vague).)[2]

---

[1] On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of reviewing Petitioner's case to determine whether he was entitled to relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Consistent with that appointment, FDSET filed the instant petition for collateral relief [Doc. 122 (challenging the post-*Johnson* status of Petitioner's prior conviction for aggravated burglary)].

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Shortly thereafter, FDSET filed two motions: one asking to withdraw as appointed counsel under the Standing Order in light of *Beckles* (Doc. 127 (explaining that she cannot further pursue a motion to vacate under *Johnson* according to the limited appointment authorization provided by the Standing Order)); and another requesting that the Court grant Petitioner leave and a 30-day extension of time to file additional *pro se* grounds for collateral relief (Doc. 126).

On April 1, 2017, the United States filed the instant motion to dismiss Petitioner's *Johnson*-based challenge in light of *Beckles*. (Doc. 128.) Petitioner has not filed a response, and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. This Court interprets the absence of a response as a waiver of opposition. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (explaining that failure to respond or oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis

---

involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2). "Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses and similar enumerated-offense clause).

for granting, the unopposed motion); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought").

I.  **RESOLUTION OF NON-DISPOSITIVE MOTIONS**

Because *Beckles* forecloses any possibility of *Johnson*-based relief, the request to withdraw (Doc. 127) will be **GRANTED**, and counsel will be relieved of her duties under the Standing Order. The request for an extension to file additional pro se claims (Doc. 126) will be **DENIED**.

While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)). FDSET filed the original petition on July 19, 2016. (Doc. 122.) At no point during the seven-month period leading up to the *Beckles* decision did Petitioner attempt to supplement FDSET's filing with alternative grounds for relief. In light of this unjustified delay, an extension of time would be inappropriate.

II.  **DISPOSITIVE MOTION AND § 2255 PETITION**

To the extent that Petitioner argues that *Johnson* invalidated the Guideline residual clause and that, without that clause, Petitioner's prior conviction for aggravated burglary cannot be categorized as a crime of violence, that argument fails because the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles*, 137 S. Ct. at 894. Because *Johnson* does not affect Petitioner's enhanced base offense level, it cannot justify relief.

3

**III.    CONCLUSION**

For the foregoing reasons and because this Court interprets Petitioner's failure to respond to the United States' request for dismissal as a waiver of opposition, the motion to deny and dismiss (Doc. 128) will be **GRANTED** and Petitioner's § 2255 petition (Doc. 122) will be **DENIED** and **DISMISSED WITH PREJUDICE**.  FDSET's motion to withdraw (Doc. 127) will be **GRANTED** and request for an extension of time (Doc. 126) will be **DENIED**.  This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Fed. R. App. P. 24.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**